ND Miss. Form P3, Complaint Challenging Conditions of Confinement (4/00)      Page 1

## United States District Court
## Northern District of Mississippi

FILED ONLINE

Devin Bennett
Plaintiff

v.

Comissioner, Pelicia Hall, ET AL

Defendant

Case No. 4:20-cv-00026

### Prisoner's Complaint Challenging Conditions of Confinement

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: Devin Bennett

   B. Name under which sentenced: Devin Bennett

   C. Inmate identification number: L4820

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): Unit 29J, Parchman, MS. 38738

   E. Place of confinement: Mississippi State Penitentiary

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: Marshal Turner

   Title (Superintendent, Sheriff, etc.): Superintendant, M.S.P.

   Defendant's mailing address (street or post office box number, city, state, ZIP): P.O. Box 1057, Parchman, MS. 38738

1

ND MISS. FORM P3, Complaint Challenging Conditions of Confinement (4/00)      pg. 2

2. Cont.
   Name: Pelicia Hall
   Title: Commissioner, MDOC
   Address: 301 N. Lamar Street
            Jackson, MS. 39201

   Name: Timothy Morris, Warden M.S.P. unit 29
   Title: Warden unit 29, M.S.P.
   Address: P.O. Box 1057
            Parchman, MS. 38738

   Name: Lee Simon
   Title: Deputy Warden unit 29, M.S.P.
   Address: P.O. Box 1057
            Parchman, MS. 38738

3. Yes, I have commenced other lawsuits in Federal Court relating to conditions of confinement.

4. Description of former lawsuits:
   A) Parties to the lawsuit:
      Plaintiff(s): Devin Bennett
      Defendant(s): Pelicia Hall, Earnest Lee, Norris Morris, Timothy Morris, E.L. Sparkman, Marshal Turner;
   B) Court: Northern District Greenville   C) Docket 4:12CV108-MPM-DAS
   D) Judge: David A. Sanders / Michael P. Mills   E) Date filed: 11/2/12; refiled 11/14/16;
   F) Date decided: 9/21/15; 1/6/20;
                                        G) Result: Settlement Agreement entered on 9/21/15; Judgment in favor of Defendants on 1/6/20; Plaintiff is appealing the 1/6/20 ruling to the Fifth Circuit.

5. Yes, there is a prisoner grievance procedure in the place of my confinement.

6. Yes, I presented to the grievance system the same facts alleged in my complaint.

7. I answered yes to question 6.

2

ND Miss. Form P3, Complaint Challenging Conditions of Confinement (4/00)   Pg. 3

7. Cont.

A) Yes, the grievance system places a limit on the time within which a grievance must be presented.

B) Yes, I filed my grievance within the time limit.

C) The following is the history and evidence I have exhausted the grievance system;

Around late September 2019 I, Devin Bennett, filed a Complaint, through the Administrative Remedy Program at the Mississippi State Penitentiary, concerning the repeated and growing denial of yard call and showers to inmates housed in Unit 29J due to severe understaffing. On November 6, 2019 I recieved my First Step Response from Deputy Warden of Unit 29, Lee Simon. As the response was untrue, I proceeded to the Second Step on November 7, 2019. On December 22, 2019 I recieved my Second Step response from Superintendent Marshal Turner. As his response was just a reiteration of the First Step Response, and because the denial of yard call and showers was getting worse, I chose to file my complaint in the Federal Court.

On January 18, 2020, I Devin Bennett, filed two more grievances through the Administrative Remedy Program at the Mississippi State Penitentiary. One of these grievances concerns the water and plumbing in Unit 29J and Unit 29; and the other concerns the heating system in Unit 29J. I have previously filed grievances on these issues before. The Administrative Remedy Program does not allow you to file on the same issues more than once. However, since these issues are reoccurring, I have no other way to address them. If these complaints are rejected I will still pursue these issues in Federal Court. I will provide all documents pertaining to these complaints when made available.

D) On October 24, 2019 Deputy Warden Lee Simon

3.

NO MISS. Form P3, Complaint Challenging Conditions of Confinement (4/06)  pg. 3 cont

D) cont.

responded to my complaint about the denial of yard call and showers. (see ARP-MSP-19-1153 First Step Response Form) Her response is incorrect and not true. On November 25, 2019 Supt. Marshal Turner responded to my Second Step Response (see ARP-MSP-19-1153 Second Step Response Form) His response was identical to the response given by Deputy Warden Lee Simon in the First Step Response Form.
(page 4 begins with Question 8.)

8. N/A

9. The following are the facts of my case;
Since at least July 2019 myself and every other inmate housed in Unit 29J have been repeatedly, and increasingly, denied yard call and showers. We are suppose to recieve yard call 1 hour per day Monday through Friday. In July 2019 we were denied 10 out of the 19 available yard calls. In August 2019 we were denied 13 out of the available 22 yard calls. In September 2019 we were denied 14 out of the 21 available yard calls. In October 2019 we were denied 15 out of the 23 available yard calls. In November 2019 we were denied 14 out of the available 21 yard calls. In December 2019 we were denied 19 out of the 21 available yard calls. As of January 23, 2020 we have not had yard call since December 2, 2019, thats 53 days without yard call. I have not included the denial of yard call due to weather, fog or Administrative meetings. The denial would be even greater.

The denial of showers is not as severe as the denial of yard call, but it is a problem that is getting worse. On average we are denied "at least" 1 shower each week, and its usually on Saturday. In the

Pg. 3 end; Pg. 4 begin;

ND MISS. Form P3 Complaint Challenging Conditions of Confinement (4/00) pg. 4 cont.

**9. Cont.**

months of November and December 2019 we we denied 16 showers. Several of these days were consecutive 11/28/19 through 12/1/19, 12/22/19 through 12/26/19. These denials, like the denials of yard call, is due to understaffing. I have not had a shower since December 28, 2019, that is 26 days. Even on lockdown we are supposed to recieve 3 showers each week. Between January 2019 and present, when we were recieving showers at least half of the time they were being done with only two (2) officers in the building.

To add to these problems we have been without hot water and heat since January 1, 2020. It has been 28 days since we had heat in the building. With the exception of 4-5 hours on 1/8, 1/9 and 1/20/21 we have been without hot water for the last 28 days. In addition to this we lost all running water between January 11, 2020 and January 18, 2020. As a result we were forced to live with feces in our toilets, unable to wash or clean up, all while freezing because we do not have any heat. These problems concerning the water, plumbing and heating have been a continual problem since we came to this building in ~~[struck through]~~ December 2010. The State has been aware of these problems since before we came to unit 29, and while we have been here. This building, like the rest of unit 29, needs to be closed down. Like the problems stemming from understaffing, the problems with the plumbing and heating are only getting worse.

ND Miss. Form P3, Complaint Challenging Conditions of Confinement (4/00) Pg. 5

**10.** Below is what we want the Court to do:

We want the Court to make the Mississippi Department of Corrections provide adequate staffing over Unit 29J, (or wherever Death Row is housed,) to provide us with 1 hour per day yard call Monday through Friday; to provide 1 shower per day, Monday through Saturday, and; to be housed in a building where the plumbing, hot water and heating system is not dilapidated causing continual problems.

As the issues and relief sought effect all of Death row, and not just the Plaintiff, I request this be made a class action, and counsel for the class be provided by the Court.

January 23, 2020
_Date_

_Plaintiff Signature_

5

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)   PAGE 8

b. Rent payments, interest, or dividends? ☐ Yes ☑ No

c. Pensions, annuities, or life insurance payments? ☐ Yes ☑ No

d. Gifts or inheritances? ☐ Yes ☑ No

e. Any other source? ☑ Yes ☐ No

If the answer to any of the above is "Yes," describe each source of money and state the amount you received from each during the past 12 months: My family comes together to provide me a monthly allowance.

5. Do you own any cash, or do you have any money in a checking or a savings account, including any funds in prison accounts? ☑ Yes ☒ No

If your answer "Yes," state the total value of the items owned: $ 92.00

6. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing? ☐ Yes ☑ No

If your answer "Yes," describe the property and state its approximate value: $ _____

7. List the persons who rely on you for support.

| Name | Relationship & Age | Amount you contribute to this person's support |
|------|---------------------|------------------------------------------------|
|      |                     | $                                              |
|      |                     | $                                              |
|      |                     | $                                              |

I declare or certify or verify or state under penalty of perjury that the foregoing is true and correct. (28 USC § 1746; 18 USC § 1621).

Date: January 2020

_(signature)_
Movant's Signature

ARP-2

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

NUMBER  MSP - 19 - 1153

## FIRST STEP RESPONSE FORM

Type or use ball point pen. You must return your response to the Administrative Remedy Program Director within 30 days of the date the request was initiated

To: Devin Bennett L4820
Inmate's Name and DOC#

29
Housing Unit

From: Lee Simon
Person to whom 1st Step is Directed

Deputy Warden / Area I
Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision.

I in reciept of your ARP regarding yard/shower call. Yard/shower will continued to be offered to each offender. Activities will be monitored for compliance.

I hope this satisfies your complaint.

_Signature_  10-24-19
Date

(✓) I am not satisfied with this response and wish to proceed to Step Two.
REASON: How can you offer me my yard and shower when you dont even have the necessary staff. Over the last

( ) I wish to cancel this complaint. You do not have to return this and time limits will cancel complaint.

Devin Bennett  L4820                     November 7 2019
Inmate's Signature    DOC#                      Date

**Inmate's - Copy**

INMATE RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP # MSP - 19 - 1153

Date: 11-6-2019

Received By: _____ L4820
MDOC #

Witness: Willie Rundle  CO-II
TITLE

_____ Form ARP-1 --- Offender's relief form

___✓___ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of inmate's ARP file

YELLOW COPY - INMATE

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## MSP-19-1153

### SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Devin Bennett #L4820**
Unit: **29J**

FROM: Marshal Turner
Title: Superintendent

---

An investigation has been conducted into your complaint, which was received in this office, in reference to not receiving yard call and showers.

As advised by Deputy Warden Lee Simon, in your first step response, it has been noted that yard and shower call is offered to each offender according to policy. Compliance with this policy will be continually monitored. Any further complaints regarding this issue should be addressed with your case manager. I hope this satisfies your complaint.

_Marshal Turner_ (Signature)   11-25-19 (Date)

The above named inmate has fulfilled the requirements of the Adm...

**INMATE RECEIPT**

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP # __MSP__ - __M__ - __1153__

Date: __12-32-19__

Received By: __[signature]__ # __L4820__
　　　　　　　　　　　　　　　　　　　MDOC #

Witness: __Shawn Love__　　　　　__COII__
　　　　　　　　　　　　　　　　　　　　TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

__✓__ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of inmate's ARP file

**YELLOW COPY - INMATE**