IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEVIN BENNETT**     **PLAINTIFF**

v.     No. 4:20CV26-JMV

**COMMISSIONER PELICIA HALL, ET AL.**     **DEFENDANTS**

### ORDER *DENYING* PLAINTIFF'S MOTION [17] FOR CLASS CERTIFICATION, *DENYING* APPOINTMENT OF CLASS COUNSEL

This matter comes before the court on the plaintiff's motion [17] to certify the present case as a class action, with a class consisting of the Death Row inmates within the Mississippi Department of Corrections. For the reasons set forth below, the instant motion will be denied. Class certification is governed by Fed. R. Civ. P. 23, which allows for certification of a class of plaintiffs only if four prerequisites are met:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In this case, the plaintiff has not met the first criteria, as only 39 inmates reside on Death Row. The plaintiff notes that the Fifth Circuit[1] and this court[2] have previously permitted class action suits with 33 and 51 members, respectively. However, a trial court has broad discretion in determining

---

[1] *Phillips v. Joint Legislative Comm'n.*, 637 F.2d 1014, 1022 (5th Cir. 1981) (thirty-three plaintiffs satisfies Rule 23 numerosity requirement).

[2] *Russell v. Johnson*, 210 F.Supp.2d 804 (N.D. Miss. 2002) (fifty-one plaintiffs satisfies Rule 23 numerosity requirement).

whether to certify a class action, including both the assessment of individual requirements for class certification and the ultimate determination of whether to certify the class. Rule 23. Class Actions, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 23. The Fifth Circuit has made this principle clear:

> We review a district court's class certification decision "for abuse of discretion in 'recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation.'"

*Ahmad v. Old Republic Nat. Title Ins. Co.*, 690 F.3d 698, 701–02 (5th Cir. 2012).

Trial courts are thus granted significant leeway in making the numerosity finding, and 39 class members falls within a range of potential members which courts have found not to satisfy the condition of numerosity:

> Classes containing two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, fourteen, sixteen, eighteen, twenty, and twenty-one to twenty-six members have been held to be too small to allow an action to be maintained under Rule 23.
>
> …
>
> [O]ther courts have not allowed a class action to be brought even when there were twenty-nine, thirty-nine, fifty to one hundred, or even three hundred and fifty potential members.

§ 1762 – Joinder of All Class Members Must Be Impracticable, 7A Fed. Prac. & Proc. Civ. § 1762 (3d ed.) (citations and footnotes omitted). The court believes that this case should proceed as an action to determine whether this individual plaintiff's rights have been violated, rather than the rights of Death Row inmates, in general. As such, the plaintiff's request [17] to certify a class is **DENIED**. As the case will proceed for the plaintiff as an individual, his request [17] to appoint class counsel is also **DENIED**.

**SO ORDERED**, this, the 9th day of February, 2021.

/s/    Jane M. Virden
UNITED STATES MAGISTRATE JUDGE